IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:21-00066-KD-MU |
| | ) |
| DARICK DEWAYNE DILLARD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion to Suppress and exhibit filed by Defendant Darick Dewayne Dillard (doc. 47, doc. 47-1) and the United States' response (doc. 53). The motion was heard August 11, 2021. Defendant Dillard, his counsel J. Carlton Taylor, and Assistant United States Attorney Andrew Arrington were present at the hearing.

I. Background

In March 2021, Agent Eric Stallings, an officer with the Fourth Judicial District Drug Task Force, completed an affidavit and obtained a search warrant to search the residence located at 932 B Lowery Drive, Selma, Alabama for Dillard and for "marijuana, weapons, stolen property and other illegal drugs and other controlled substances …" (doc. 47-1). The search warrant was executed on March 3, 2021. As agents entered the front door, Dillard exited the back door. He was seized at the wood line behind the residence and arrested. Items including drugs and a firearm were seized from inside and outside the residence (doc. 47-1, p. 4).

As a result, Dillard was indicted for the offenses of possession with intent to distribute approximately 30 grams of cocaine (Count One); possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime (Count Two); and tampering with a witness, victim or informant (Count Three) (doc. 1). Subsequently, in the superseding indictment, Dillard was charged with possession with intent to distribute less than 500 grams of cocaine (Count One); possession of a

firearm during, in relation to, and in furtherance of a drug trafficking crime (Count Two); and tampering with a witness, victim or informant (Count Three) (doc. 57).

Dillard moves to suppress "any and all evidence seized in relation to the execution of a search warrant on March 3, 2021, at 932 B Lowry Drive, Selma Alabama as well as any information or evidence derived from the search, and any and all testimony or evidence related to the search, including any statements of the Defendant obtained at the time of the search or as a result of the search." (doc. 47, p. 1). He argues that the "warrant authorizing the search was not based on probable cause, because the affidavit, which provided the basis for the warrant, contained conclusions and speculations, failed to establish a factual nexus between the residence and illegal activity, and contained speculative and stale information from an informant." (Id., p. 7-11).

Dillard also argues that the good faith exception to exclusion of evidence, as expressed in United States v. Leon, 468 U.S. 897 (1984), does not apply. He argues that the issuing judge abandoned his role of making an independent assessment of probable cause, the issuing judge's belief in the existence of probable cause based on the deficient affidavit was unreasonable, and that the affidavit in support of the warrant was so "bare-boned" and thus facially deficient that the executing officers could not reasonably have presumed the warrant was valid (Id., p. 11-14).

The United States argues that the affidavit supplied the necessary probable cause to support the issuance of the warrant (doc. 53, p. 4-8). The United States points out that the affidavit made clear that Dillard was wanted for federal firearms crimes, and that surveillance indicated he used the Lowery Street residence, thus it was reasonable to search for him at that residence. The United States also points out that the affidavit disclosed Dillard's criminal history of narcotics, firearms, and violent crimes; the reliable confidential informant's statement to Agent Stallings regarding possible illegal narcotics transactions; and the lengthy investigation by law enforcement, all of which support a finding of probable cause that narcotics would be located in the residence. As to the nexus between the items

to be seized and Dillard's residence, the United States points out that the Agent had surveillance confirming Dillard's location at the residence and the reliable confidential informant's statement corroborated by the yearlong investigation into Dillard's illegal activities (doc. 53, p. 6).

The United States also argues that the good faith exception to exclusion of evidence applies and therefore, the Court need not make determination of probable cause (Id., p. 7-8) The United States argues that none of the four situations which merit exclusion are present in this action, and that Agent Stallings and the other officers executing the search warrant acted in good faith reliance upon the warrant. (Id.)

II. Analysis

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Minnesota v. Carter, 525 U.S. 83, 88 (1998) (The Amendment protects individuals against unreasonable searches of "their persons [and] houses."). The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. "If, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place,' then there is a sufficient basis for probable cause." United States v. Schulz, 486 Fed. Appx. 838, 841 (11th Cir. 2012) (quoting United States v. Lopez, 649 F.3d 1222, 1245 (11th Cir.2011) (internal quotation marks omitted). "A fair probability is present 'when the facts and circumstances would lead a reasonably prudent person to believe that the place to be searched contains contraband or evidence of a crime.'" Id. "When deciding whether a search warrant was supported by probable cause, we must consider only that information brought to the attention of the issuing judge." Id. (citing United States v. Lockett, 674 F.2d 843, 845 (11th Cir.1982)).

"For probable cause to search a residence, there must be some nexus between the premises and

the alleged criminal activity. [] This does not require an allegation in the supporting affidavit that criminal activity took place at the residence, but it does require that the affidavit show a connection between the defendant and the residence and a link between the residence and the criminal activity. [] Probable cause exists to support a search of a defendant's residence where there is evidence that the defendant is in possession of contraband that is of the type that would normally be hidden at one's residence." United States v. Schulz, 486 Fed. Appx. at 841–42 (citations omitted).  "Probable cause to support an affidavit accompanying a search warrant application exists when it 'establish[es] a connection between the [plaintiff] and the residence to be searched and a link between the residence and any criminal activity.'" United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).

"A court reviewing the issuance of a search warrant by a state court judge is not to conduct a de novo probable cause determination, but is merely to decide whether the evidence viewed as a whole provided a 'substantial basis' for the finding of probable cause at the time the warrant was issued." United States v. Mitchell, No. 2:20-CR-224-RAH, 2021 WL 3036153, at *2 (M.D. Ala. July 19, 2021) (citing Massachusetts v. Upton, 466 U.S. 727, 732-33 (1984) (per curiam) and Illinois v. Gates, 462 U.S. 213, 236 (1983)).  Also, "[c]ourts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner." United States v. Miller, 24 F. 3d 1357, 1361 (11th Cir. 1994) (citation omitted).  "[A] realistic and commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations." Id. (citation omitted).  "

"The 'judicially created' exclusionary rule fills [the absence of a remedy in the Fourth Amendment] by providing that generally, '[e]vidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution.'" United States v. Morales, 987 F.3d 966, 972 (11th Cir. 2021) (quoting United States v. Martin, 297 F.3d at 1312 (internal quotation marks and citation omitted).  Overall, Defendant has the burden of establishing that a search warrant is

4

defective such that evidence should be excluded. United States v. Lockett, 533 Fed. Appx. 957, 965 (11th Cir. 2013).

An exception to the exclusionary rule applies if law enforcement acts in good faith that the warrant is supported by probable cause. United States v. Leon, 468 U.S. 897, 919-920 (1984). Thus, "inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause" will not be suppressed if the exception applies. United States v. Martin, 297 F.3d at 1312-13. The exception applies in all instances except in the following situations:

> (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "where the issuing magistrate wholly abandoned his judicial role ... (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

United States v. Martin, 297 F.3d at 1313; (citing United States v. Leon, 468 U.S. at 922).

Although Defendant raised arguments under the second, third, and fourth situations, the testimony and evidence presented at the hearing raise concerns only under the third situation. In that regard, the Court finds that the affidavit and other evidence, including the testimony of the law enforcement agents, fail to show sufficient indicia of probable cause to search the residence for controlled substances. There was no indication that any drug activity had occurred at the residence. Even the reliable informant only said that the residence "may" be used for illegal drug activity.

As to the warrant to search the residence for Dillard, the Court finds there was sufficient probable cause to support the issuance of the warrant. Primarily, the evidence established that the task force agents conducted extensive surveillance of the residence. They also observed the vehicle known to be driven by Dillard at the residence the entire day of March 2, 2012, and on the day of execution of

the warrant, March 3, 2021.

Since the warrant to search the residence for Dillard was supported by probable cause, the agents were lawfully in the residence. Therefore, evidence of any controlled substance, weapons, etc., that was in plain view[1] inside the residence during the search for Dillard or security sweep is not suppressed. And evidence that was found outside the residence is not suppressed.

Accordingly, upon consideration of the motion, response, and the arguments, testimony, and evidence presented at the hearing, and for reasons more fully set forth on the record, the motion to suppress is GRANTED in part and DENIED in part, as follows:

> 1) the Motion is DENIED as to suppression of the evidence obtained from the search of the residence for Dillard, including any statements made by Dillard.
>
> 2) The Motion is GRANTED as to suppression of the evidence obtained from the search of the residence for illegal drugs, weapons, etc., that was found in the residence and not in plain view.
>
> 3) The Motion is DENIED as to suppression of the evidence obtained from the search of the residence for illegal drugs, weapons, etc., that was found in plain view in the residence and as to illegal drugs, weapons, etc., found outside the residence.

**DONE** and **ORDERED** this 13th day of August 2021.

    /s / Kristi K. DuBose
    KRISTI K. DuBOSE
    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "An officer may seize evidence that is in plain view despite the failure to obtain a search warrant if two elements are satisfied: (1) lawful access to the object seized, and, (2) the incriminating nature of the object seized is immediately apparent." United States v. Hromada, 49 F.3d 685, 690 n.11 (11th Cir. 1995) (citing Horton v. California, 496 U.S. 128, 136–37 (1990)).