IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL ACTION: 2:21-00029-KD-B** |
| | ) | |
| **DARICK DWAYNE DILLARD,** | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL ACTION: 2:21-00066-KD-B** |
| | ) | |
| **LAMETRIUS DILLARD and** | ) | |
| **DARICK DWAYNE DILLARD,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Defendant Darick Dillard (Dillard)'s motion to compel attorney Jon C. Taylor to Surender the Case File" (Doc. 222, CR 21-00066-KD-B; Doc. 109, CR 21-00029-KD-B).[1]

Specifically, on September 22, 2023, Dillard filed a motion in each of the above-referenced cases for this Court to compel attorney J. Carlton Taylor (Taylor) to surrender the case file created while representing him so that he may prepare his Section 2255 motion to vacate, set aside, or correct sentence to "attack[] Mr. Taylor's ineffectiveness during trial." Per Dillard, he attempted to obtain his client file from attorney Taylor on March 26, 2023 (via correspondence) and on April 27, 2023 (via correspondence), but had neither received his file nor a response from attorney Taylor as of the date he filed the current motion.

---

[1] Attorney Taylor was retained counsel and represented Dillard from July-December 2021 (including the October 2021 trial of his case), but withdrew from representation on December 21, 2021 (attorney Armstrong was then appointed post-trial on December 21, 2021 as CJA counsel for Dillard).

At the outset, despite Dillard's assertion, the exhibits attached to his motion are not both letters to attorney Taylor. The March 26, 2023 letter requesting a copy of Dillard's client file was mailed to attorney Taylor. (Doc. 222-1; 109-1). However, the April 27, 2023 letter requesting the same, however, was mailed to attorney Gordon Armstrong.  (Doc. 222-2; 109-2).

Regardless, Dillard seeks a copy of the client file from his trial attorney Taylor. Dillard's former defense counsel is obligated to provide him with one copy of his client file at counsel's expense. See *Alabama State Bar Ethics Opinion 2010-2. Retention, Storage, Ownership, Production and Destruction of Client Files* ("A lawyer may not charge the client for the cost of providing an initial copy of the file to the client.") Id. at 18. Dillard is responsible for picking up the copy at counsel's office. Id. at 19 ("… the client is responsible to make arrangements to pick up a copy of his file at the lawyer's place of business[]"). If Dillard cannot, he is responsible for all costs for mailing/shipping the file. Id. Counsel may retain the copy until Dillard has pre-paid the costs of mailing/shipping. Id. If Dillard chooses to send an agent to pick up the copies, counsel "should insist on written authorization" from Dillard, authorizing him to give the file to the agent, and should warn Dillard that producing the file to a third-party agent "may defeat confidentiality and attorney-client privilege." Id.

Upon consideration, it is **ORDERED** that counsel J. Carlton Taylor shall file, on or before **November 13, 2023**, a response to this Order: 1) explaining why Dillard has not been provided with a copy of his client file; and 2) indicating any anticipated costs of shipping or mailing the file to Dillard. See, e.g., United States v. Doak, 2023 WL 6450522, *1 at n.2 (S.D. Ala. Oct. 2, 2023).

**DONE** and **ORDERED** this the **3rd** day of **November 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2